UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In The Matter of:

JOHN A. GABRISH
(Social Security No. \*\*\*-\*\*-1222)

    Debtor.
_____/

Case No. 14-42867-pjs
Chapter 7
Hon. Phillip J. Shefferly

STATE OF MICHIGAN, DEPARTMENT OF
LICENSING & REGULATORY AFFAIRS,
UNEMPLOYMENT INSURANCE AGENCY,

    Plaintiff,

v

JOHN A. GABRISH,

    Defendant.
_____/

Adversary Proceeding No.:
14-      -pjs
Hon. Phillip J. Shefferly

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

The State of Michigan, Department of Licensing & Regulatory Affairs, Unemployment Insurance Agency, by and through its attorneys, Bill Schuette, Attorney General, and Amy L. Rosenberg, Assistant Attorney General, requests this Court rule that the Defendant's debt to the Unemployment Insurance Agency is non-dischargeable under 11 U.S.C. 523(a)(2)(A) and 11 U.S.C. 523(a)(7). In support, Plaintiff states that:

    1)    This action arises under 11 U.S.C. 523 and is an Adversary Proceeding under F.R.B.P. 7001(6).

    2)    This is a core proceeding under 28 U.S.C. 157(b)(2)(I).

    3)    This Adversary Proceeding relates to a Chapter 7 case, In the Matter of John A. Gabrish, Case No. 14-42867-pjs, pending in the Bankruptcy Court for the Eastern District of Michigan.

4) This Court has jurisdiction to hear and decide this matter under 28 U.S.C. 1334.

5) The Plaintiff is an agency of the State of Michigan established by the Michigan Employment Security (MES) Act, M.C.L. 421.1 et seq.

6) The Defendant filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in this Court on February 26, 2014.

7) The deadline for filing a complaint to challenge the dischargeability of a debt is June 2, 2014.

8) Under 11 USC 523(a)(2)(A), a debt is nondischargeable in a Chapter 7 bankruptcy proceeding if the debt is for money obtained by false pretenses, a false representation, or actual fraud.

9) Under 11 USC 523(a)(7), a debt is nondischargeable in a Chapter 7 bankruptcy proceeding if the debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.

10) The Defendant owes a debt to the Plaintiff arising out of the Defendant's claim for unemployment benefits.

11) Section 48 of the MES Act, M.C.L. 421.48, deems a person to be unemployed (and thus, eligible for unemployment benefits) during any week in which he or she performed no services and for which remuneration was not payable to the individual. In addition, before December 19, 2011, Section 48 deemed a person to be unemployed for any week part-time work if the remuneration earned was less than the person's weekly benefit rate. Effective December 19, 2011, Section 48 deemed a person to be unemployed for any week of part-time work if the remuneration earned was less than 1.6 times the person's weekly benefit rate.

12) Section 27(c) of the MES Act, M.C.L. 421.27(c), provides for offset of a claimant's unemployment benefits by the claimant's earnings. Before December 19, 2011, Section 27 provided that a person's weekly unemployment benefits would be reduced by 50 cents for each dollar of remuneration earned during that week. Section 27(c) further provided that that a person who was working while receiving benefits could not receive a total of benefits and earnings exceeding 1.5 times his or her weekly benefit rate. Effective December 19, 2011, Section 27 provided fore the reduction of weekly unemployment benefits by 40 cents for every dollar earned during that week, and provided that a person who was working while receiving benefits could not receive a total of benefits and earnings exceeding 1.6 times his or her weekly benefit rate.

13) Under Section 62 of the MES Act, M.C.L. 421.62, the Plaintiff is entitled to recover improperly-paid benefits plus interest. Under Section 15 of the MES Act, M.C.L. 421.15, interest accrues at the rate of 1% per month.

14) Under Section 54(b) of the MES Act, M.C.L. 421.54(b), the Plaintiff may impose penalties on a person who makes a false statement or representation knowing it to be false, or knowingly and willfully with intent to defraud fails to disclose a material fact, to obtain or increase a benefits payment. Penalties are double the amount of restitution if restitution is less than $500.00, and quadruple the amount of restitution if restitution is $500.00 or more.

15) Claimants for unemployment benefits must, as a condition precedent to the receipt of benefits, certify biweekly to the Plaintiff that they were available for employment and were seeking employment. They must also indicate whether they were

working during the weeks for which they are certifying, and if they are working, they are asked to report any earnings for the weeks for which they are certifying.

16) Relevant to this complaint, the Defendant certified for unemployment benefits for the weeks ending July 2, 2011 through December 24, 2011, and January 7, 2012 through May 19, 2012.

17) The Plaintiff paid Defendant benefits for the weeks listed in paragraph 16.

18) The Defendant worked and had earnings during the weeks listed in paragraph 16. During many of these weeks, he worked 40 or more hours, which the employer considered full-time.

19) The Defendant failed to his earnings when he certified for benefits for the weeks listed in paragraph 16. In addition, he failed to report his full-time employment status when certifying for benefits for the weeks in which he worked 40 or more hours.

20) As a result of Defendant's failure to report his earnings and his full-time employment status, the Plaintiff paid the Defendant unemployment benefits to which he was not entitled.

21) In two administrative redeterminations issued on June 11, 2013, the Plaintiff found that the Defendant had been overpaid benefits for the weeks listed in paragraph 16, based on his full-time employment status for some of the weeks and earnings offset for the weeks in which he worked part-time. (Exhibit A.)

22) The redeterminations ordered Defendant to pay restitution totaling $15,234.00 under Section 62 of the MES Act, M.C.L. 421.62. The redeterminations further found that Defendant knowingly made a false statement or, with intent to defraud, failed to disclose a material fact in order to obtain or increase unemployment benefits for the weeks in question, and so imposed fraud penalties totaling $60,936.00

under Section 54(b) of the MES Act, M.C.L. 421.54(b). Thus, the total debt ordered in the redeterminations issued on June 11, 2013 was 76,170.00. (Exhibit A)

23) Defendant currently owes $15,094.00 in restitution, $60,936.00 in penalties, and statutory interest of $1,142.31 on the unpaid restitution, for a current total debt of $77,172.31. (Exhibit A.)

24) The debt for restitution for overpaid benefits, and statutory interest on that restitution, is non-dischargeable under 11 USC 523(a)(2)(A) because the Defendant obtained benefits by false pretenses, a false representation, and/or actual fraud.

25) The debt for statutory penalties is non-dischargeable under 11 USC 523(a)(7) as a penalty payable to and for the benefit of a governmental unit that is not compensation for actual pecuniary loss.

26) The Defendant is therefore indebted to the Plaintiff for a non-dischargeable debt in the amount of $77,172.31.

## CONCLUSION AND REQUEST FOR RELIEF

THEREFORE, the Plaintiff requests that this Court enter an Order that the Defendant's debt to the Plaintiff in the amount of $77,172.31 is non-dischargeable, and enter a Judgment in that amount, plus $293.00 in costs, to the Plaintiff.

Respectfully submitted,

Bill Schuette
Attorney General of the State of Michigan


/s/ Amy L. Rosenberg
Amy L. Rosenberg (P47297)
Assistant Attorney General
Labor Division
Attorney for Plaintiff
Labor Division
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-1950
Fax: (517) 241-7987
rosenberga1@michigan.gov

Dated: June 2, 2014